LOSEY PLLC
Adam C. Losey, Esq. (SBN 314729)
alosey@losey.law
1420 Edgewater Dr
Orlando, FL 32804
Telephone: (407) 906-1605
Facsimile: (407) 710-5645
*Attorneys for Plaintiff,*
*Hedley & Bennett Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEDLEY & BENNETT, INC., a Delaware corporation, <br><br>Plaintiff, <br><br>v. <br><br>BRITTNEY MEJICO, individually, <br><br>Defendant. | CASE NO. 5:22-cv-00816 <br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Hedley & Bennett, Inc. ("H&B") hereby brings its Complaint against Defendant Brittney Mejico ("Defendant"), seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Title III of the Americans with Disabilities

Act, 42 U.S.C. § 12181 et seq. ("Title III" or the "ADA"), and supplemental jurisdiction over the Unruh Act claims.

2. Plaintiff H&B is a Delaware corporation with its headquarters in Los Angeles, California. Defendant is an individual residing, upon information and belief, in San Bernardino County, California. This Court has jurisdiction over Defendant and venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant resides in the Central District of California.

**FACTUAL ALLEGATIONS**

3. H&B is an online retailer. It sells aprons on its website. It does not have physical stores or other locations accessible to the public, and operates entirely online through its website, www.hedleyandbennett.com (the "Website").

4. Scott Ferrell, an attorney claiming to represent Defendant, has contacted H&B and threatened to file a lawsuit against H&B under the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. based upon alleged deficiencies on the Website. Upon information and belief, Defendant is allegedly blind or visually impaired and contends that the Website is inaccessible to visually impaired individuals.

5. Both Mr. Ferrell and Defendant appear to be prolific ADA and Unruh Act litigants. Defendant has been a named plaintiff in at least 80 such suits within the last two years. Mr. Ferrell has represented to the undersigned that he and his firm are highly active in this area and furnished undersigned counsel with several

precedents he and his firm have achieved in this area.

6. Section 51(f) of the California Civil Code provides that a violation of the ADA, including violations of Title III, constitute violations of the Unruh Act.

7. A violation of the Unruh Act may be maintained independent of an ADA claim only where "intentional discrimination in public accommodations in violation of the terms of the Act" are pled. *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668, 94 Cal. Rptr. 3d 685, 208 P.3d 623 (2009). To prove intentional discrimination, a plaintiff must show "willful, affirmative misconduct," and there must be more than the disparate impact of a facially neutral policy on a particular group. *Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 854, 115 P.3d 1212 (2005).

8. A business' status as a "place of public accommodation" is a prerequisite to liability for a violation of Title III.

9. Ninth Circuit precedent establishes that "places of public accommodation" must be physical spaces, or at least have a nexus to a physical space. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 902 (9th Cir. 2019); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114-15 (9th Cir. 2000). The Third, Fifth, Sixth, and Eleventh Circuits have also held that in order to be subject to Title III, a business must be a physical space or have a nexus to a physical space.

10. H&B does not own, operate, or control physical properties where

customers can purchase its products. H&B has no relation or nexus to any such physical locations. Therefore, H&B is not a "place of public accommodation" under Title III and is incapable of violating Title III as a matter of law.

11. Because H&B cannot violate Title III as a matter of law, H&B cannot violate the Unruh Act on the basis that H&B has violated Title III. Therefore, H&B cannot be subject to a suit of the nature threatened by Defendant.

12. Nevertheless, H&B, along with similarly situated online-only retailers, are increasingly the subject of claims under Title III and state equivalents based on alleged inaccessibility of their websites. These businesses, including H&B, are the subject of repeated demands for pre-suit payments and agreed injunctions based on Title III claims. If these demands are not met, H&B and similarly situated businesses are faced with the costs of defending lawsuits which are deficient as a matter of law. H&B itself has recently had to conduct a similar fight in the Western District of Pennsylvania, at great expense.

13. Upon information and belief, Defendant contends that H&B has violated the Unruh Act by violating Title III. Upon information and belief, Defendant intends to file a lawsuit on such basis in the immediate future. Mr. Ferrell noted in his communications that other plaintiffs follow his filings and that H&B may be subject to "copycat" website accessibility suits if this matter were not resolved prior to Defendant filing its contemplated action.

14. To the extent that the contemplated Unruh Act lawsuit relies on violations independent of the Title III, Defendant has not asserted any facts, plausible or otherwise, relating to intentional discrimination because no such discrimination exists. H&B has not intentionally discriminated against disabled individuals.

15. Upon information and belief, Defendant contends that H&B has violated the Unruh Act by intentionally discriminating against visually impaired individuals. Upon information and belief, Defendant intends to file a lawsuit on such basis in the immediate future. Mr. Ferrell noted in his communications that other plaintiffs follow his filings and that H&B may be subject to "copycat" website accessibility suits if this matter were not resolved prior to Defendant filing its contemplated action.

## Count I - Declaratory Relief

16. H&B realleges and incorporates by reference the allegation of paragraphs 1 through 15 as though full set forth herein.

17. H&B seeks declaratory judgment finding that based on its online-only status it is not a "place of public accommodation" and not subject to liability under Title III.

18. H&B seeks declaratory judgment finding that it has not violated the Unruh Act by violation of Title III, and that Defendant is not entitled to any relief based on any such claim.

19. H&B seeks declaratory judgement finding that is has not violated the Unruh Act by intentional discrimination.

20. There is a bona fide dispute between the parties as to the respective rights, obligations, and liabilities related to the Website. H&B contends that it is not liable to Defendant, and upon information and belief Defendant contends the opposite.

21. H&B has a justiciable question and is in doubt as to whether it is subject to liability based on the Website as alleged by Defendant.

22. There is a real and present controversy as to whether H&B is subject to Title III in this Circuit and elsewhere in the country. H&B has a justiciable question as to whether it is subject to Title III and liability thereunder.

23. There is a real and present controversy as to whether H&B has intentionally discriminated against disabled individuals in violation of the Unruh Act. H&B has a justiciable question as to whether it has violated the Unruh Act.

24. There is a bona fide, actual, and present need for declaratory relief in response to Defendant's demand for settlement payments and significant Website revisions by H&B over her threat to bring a lawsuit against H&B under the Unruh Act or Title III.

25. H&B lacks an adequate remedy at law.

WHEREFORE, H&B respectfully requests this Court enter an order:

i. declaring H&B is not a "place of public accommodation" under Title III;

ii. declaring H&B cannot violate the Unruh Act under Section 51(f) because it is not subject to Title III;

iii. declaring H&B has not violated the Unruh Act by intentional discrimination;

iv. awarding H&B its costs and attorneys fees in bringing this action; and

v. awarding such other relief as the Court deems just and proper.

Dated May 13, 2022

By: _____
Adam C. Losey, Esq. (SBN 314729)
alosey@losey.law
LOSEY PLLC
1420 Edgewater Dr
Orlando, FL 32804
Telephone: (407) 906-1605
Facsimile: 407-710-5645
*Attorneys for Plaintiff,
Hedley & Bennett Inc.*

Complaint for Declaratory Relief
7